UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEOVANY SERRANO, individually and on behalf of all others similarly situated, | CIVIL ACTION NO.:12-cv-6374 (LTS) |
| Plaintiffs, | |
| - against - | FIRST AMENDED COMPLAINT |
| MAMAIS CONTRACTING CORP., THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, STAVROULA MAMAIS-LORINO, PETER MAMAIS, CHRIS TRIATOS and ANDREAS STEFANAKIS, | |
| Defendants. | |

## FIRST AMENDED COMPLAINT

Plaintiff Geovany Serrano, individually and on behalf of all others similarly situated as a class representative, by his attorneys, alleges as follows:

## INTRODUCTION

1. This case is an action to remedy the failure of the defendants to pay plaintiff's overtime premium pay as required by the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 et seq. and the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

2. Plaintiffs also bring this action for breach of contract against Mamais Contracting Corp. ("Mamais Contracting") for failure to pay agreed-upon wages.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

1

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred within the Southern District.

## PARTIES

7. Plaintiff Geovany Serrano is a natural person who resides in Bronx County, New York.

8. For at least six years prior to January 20, 2012, Geovany Serrano was a carpenter employed by Mamais Contracting.

9. The FLSA collective consists of all non-exempt workers who performed work on the facilities of Columbia University while under the employ of Mamais Contracting at any time during the three year period prior to the filing of this complaint.

10. The prospective Rule 23 class consists of all non-exempt workers who performed work on the facilities of Columbia University while under the employ of Mamais Contracting Corp. at any time during the six year period prior to the filing of this complaint.

11. Defendant Mamais Contracting Corp. is a New York Corporation with a principal place of business at 256 West 124th Street, New York, New York 10027.

12. Upon information and belief, Defendant Mamais Contracting supervised the plaintiffs, determined and exercised control over the hours worked, determined and exercised control over the rate of pay and wages paid to the plaintiffs, and maintained payroll records.

13. During the six year period immediately preceding the filing of this complaint, Mamais Contracting Corp. performed renovations and capital improvements upon facilities owned, operated, and/or occupied by Columbia University.

14. Defendant Stavroula Mamais-Lorino is the president of Mamais Contracting Corp.

15. At all relevant times, Stavroula Mamais-Lorino acted on behalf of Mamais Contracting Corp., and inter alia supervised the plaintiffs, determined and exercised control over the hours worked, and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

16. Defendant Peter Mamais is the vice president of Mamais Contracting Corp.

17. At all relevant times, Peter Mamais acted on behalf of Mamais Contracting Corp., and inter alia supervised the plaintiffs, determined and exercised control over the hours worked, and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

18. Defendant Chris Triantos is the project manager of Mamais Contracting Corp.

19. At all relevant times, Chris Triantos acted on behalf of Mamais Contracting Corp., and inter alia supervised the plaintiffs, determined and exercised control over the hours worked, and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

20. Defendant Andreas Stefanakis is the project supervisor of Mamais Contracting Corp.

21. At all relevant times, Andreas Stefanakis acted on behalf of Mamais Contracting Corp., and inter alia supervised the plaintiffs, determined and exercised control over the hours worked, and determined and exercised control over the rate of pay and wages paid to the plaintiffs.

22. Defendant The Trustees of Columbia University in the City of New York is a New York Corporation established by the New York legislature in an act entitled "An Act Relative to Columbia College in the City of New York" [Laws of 1810—Chapter 85], which corporate name was later changed by order of the order of the Supreme Court, New York County on July 17, 1912, to "The Trustees of Columbia University in the City of New York."

## ALLEGATIONS REGARDING JOINT EMPLOYER LIABILITY UPON COLUMBIA UNIVERSITY

23. At all relevant times, the University maintained control over the facilities in which the plaintiffs were employed.

24. The permanence of the relationship between Columbia University and Mamais Employees is highlighted by the fact that Mamais employees were issued identification cards and "key cards" by the University.

25. Columbia University exercised control over the plaintiff's work schedules through its procedures regarding the issuance of "key cards", procedures regarding access to University facilities, and its supervision of the work performed by Mamais Contracting and the Plaintiffs herein.

26. During the six year period prior to the filing of this complaint, the plaintiff Geovany Serrano and others similarly situated worked <u>exclusively</u> upon the facilities of Columbia University.

27. On a daily basis, the Plaintiff and other similarly situated workers reported directly to the facilities of Columbia University.

28. During the six year period prior to the filing of this complaint, Mamais Contracting Corp. worked almost exclusively for Columbia University. In fact, upon information and belief, Mamais has been employed almost exclusively upon the facilities of Columbia University for at least 20 years.

29. Mamais contracting is not a viable entity separate and apart from Columbia University.

30. The Plaintiff and other similarly situated workers had no business organization that shifted as a unit from one University (or client) to another.

31. Superintendents and Porters who were directly employed by the University frequently threatened to have Mamais employees "fired" for not complying with their instructions.

32. The University had the authority to fire the plaintiffs and to prohibit them from performing work at the University. The University exercised this authority periodically throughout the six year period prior to the filing of this complaint.

33. During the past six years Columbia University has directed millions of dollars of funds to Mamais Contracting Corp. for work upon the facilities of Columbia University.

34. Columbia University at all times was aware of the number of hours that Mamais employees were required to work.

35. Columbia University at all times was aware of Mamais' policies of depriving overtime and wages to the plaintiffs as outlined in this complaint.

36. Columbia University received kickbacks and bribes from Mamais Contracting and was complicit in Mamais Contracting's policy of depriving workers of overtime owed under the FLSA and the NYLL.

37. Upon information and belief, there are several contractors who perform work upon the facilities of Columbia University. It is common knowledge among workers employed by these various contractors that they do not pay overtime to employees.

38. It is also common knowledge that there is a "pay to play" environment at Columbia in which Columbia turns a blind eye to wage violations so long as Columbia University employees receive "compensation."

39. Columbia University presides over a group of corrupt contractors that depend upon Columbia University for their very existence, and who systematically deprive their workers of overtime.

## STATEMENT OF FACTS

40. The Mamais workforce employed upon projects at Columbia University consists of approximately 100 employees, most of whom are immigrant workers.

41. Throughout the relevant period, it has been the policy of defendants to deprive the plaintiff and others similarly situated of earned wages.

42. In order to avoid paying their workers premiums for hours worked in excess of 40 in a workweek, the defendants have uniformly paid all overtime, *by check*, at the regular rate of pay, rather than at the overtime rate.

43. In addition to failing to pay overtime at the proper overtime rate, Mamais Contracting failed to pay the employer's share of FICA, disability, worker's compensation, and other employment taxes and otherwise failed to withhold deductions from "overtime" checks.

6

44. Plaintiff and others similarly situated regularly worked in excess of 40 hours per week.

45. In addition, in order to avoid paying the fair wages earned, the defendants engaged in the uniform practice of rounding down the hours paid to the nearest whole hour (shaving), resulting in the deprivation of workers of their fair and just compensation.

46. Plaintiff and others similarly situated regularly worked 5-30 minutes more than the actual hours for which they were paid.

47. By the conduct described in this Complaint, Defendants have violated the Fair Labor Standards Act ("FLSA"), as well as New York's wage and hour laws, by failing to pay their employees, including Plaintiffs, proper overtime wages as required by law. These violations arose out of Defendant's uniform company-wide policies and its pattern or practice of violating wage and hour laws.

48. Plaintiff brings the *first cause of action* on behalf of himself and similarly situated current and former employees of Mamais Contracting and Columbia University (as joint employer) who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

49. Plaintiff brings the *second and third causes* of action on behalf of himself and all similarly situated current individuals under Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 19, §§ 650 et seq., the supporting New York State Department of Labor regulations, and New York common law.

## CLASS ACTION ALLEGATIONS

### *The New York Class*

50.     Mr. Serrano brings the Second and Third Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all laborers who have worked for Defendants since August 20, 2006, and the date of final judgment in this matter (the "New York Class").

51.     Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

52.     The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

53.     Upon information and belief, the size of the New York Class is at least 100 workers.

54.     Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

55.     The Second, Third and Fourth Causes of Action are properly maintainable as class actions under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a. whether Defendants failed to keep true and accurate time records for all hours worked by the Plaintiff and the New York Class;

b. whether Defendants failed and/or refused to pay the plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b. whether the Defendants engaged in the uniform practice of rounding down the hours paid to the nearest whole hour worked ("shaving");

c. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

d. whether Defendants' policies of "shaving" and failure to pay overtime at the overtime rate were engaged in willfully or with reckless disregard of the statute.

56. The claims of the Plaintiff are typical of the claims of the New York Class he seeks to represent. The Plaintiff and the New York Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week, and "shaving." Defendants acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

57. The Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. The Plaintiff understands

9

that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the New York Class. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

58. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

59. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

*Collective Action Allegations*

60. Plaintiff brings the FLSA claims, the First Cause of Action, on behalf of himself and all similarly situated persons who have worked for Defendant Mamais Contracting since August 20, 2006 to opt-in to this action (the "FLSA Collective").

61.     Defendant Mamais Contracting, the individual defendants, and Columbia University as Joint Employer are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective. The FLSA claims in this lawsuit should be adjudicated as a collective action.  Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

62.     All of the work that Plaintiff, the New York Class Members, and the FLSA Collective Members (collectively "Class Members") have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the Class Members have performed.

63.     Upon information and belief, it has been Defendant's uniform policy and pattern or practice to pay overtime at the regular rate of pay, and to "shave" the hours of the plaintiff and Class Members in violation of the provisions of the FLSA and state wage and hour laws.

64.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws. This policy and pattern or practice includes but is not limited to:

    (a) willfully failing to pay their employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week, and instead paying all overtime at the "regular rate"; and

    (b) willfully failing to pay the employer's share of FICA, unemployment, disability, and other employment taxes;

    (c) rounding down the hours paid to the nearest hour ("shaving.").

65. Upon information and belief, Defendants were or should have been aware that state and federal law required them to pay employees an overtime premium for hours worked in excess of 40 per week.

66. The defendants paid overtime hours at the regular rate with the intent to evade state and federal wage laws.

67. The defendants' unlawful conduct described in this complaint was arbitrary, unreasonable and in bad faith.

68. The defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFF'S FACTUAL ALLEGATIONS

69. Mr. Serrano worked for Mamais Contracting for at least the six year period prior to January 20, 2012.

70. Mr. Serrano's primary duties included framing, carpentry, sheetrock, and carpentry.

71. Mr. Serrano worked exclusively upon the facilities and premises of Columbia University while under the employ of Mamais Contracting.

72. Mr. Serrano regularly worked more than 40 hours per workweek.

73. Mr. Serrano regularly worked for time periods of 5 minutes to 30 minutes past the hour.

74.     Pursuant to the defendants' uniform practice, Mr. Serrano was not paid the overtime premium for hours he worked in excess of 40 hours per week, and instead was compensated, by separate check, at his regular rate of pay.

75.     Pursuant to the defendants' uniform practice, Mr. Serrano's hours were "shaved" by rounding down to the nearest whole hour.

76.     Defendants failed to keep accurate records of Mr. Serrano's hours worked.

## FIRST CAUSE OF ACTION

### AGAINST ALL DEFENDANTS AS JOINT EMPLOYERS

### Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

### On behalf of Plaintiff and the FLSA Collective

77.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

79.     At all times relevant, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

80.     The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs and the FLSA Collective.

81.     Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

82. Defendants' employees handled, sold and otherwise worked on goods or materials that have been moved in or produced for commerce by any person, and defendant has at least $500,000 of annual gross volume of sales made.

83. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

84. The defendants employed the FLSA Collective as employers.

85. Defendants failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

86. Defendants failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

87. Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

88. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Collective.

89. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

90. As a result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, and liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

AGAINST MAMAIS CONTRACTING CORP. AND

TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK

New York Labor Law Article 19, §§ 650 et seq., and the supporting

New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142

On behalf of the New York Plaintiffs and the New York Class Members[1]

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

93. At all times relevant the Plaintiff and the members of the New York Class have been employees and Defendants have been joint employers within the meaning of the NYLL.

94. The Plaintiff and the members of the New York Class are covered by the NYLL.

95. Defendants failed to pay the Plaintiff and the New York Class Members overtime wages to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

96. Defendants failed to pay Plaintiff and the New York Class Members for overtime at a wage rate of one and one-half times their regular rate of pay.

97. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the Class Members.

---

[1] Plaintiffs intend on availing themselves of the enforcement provisions of New York Business Corporation Law §630(a) in the event that an eventual judgment against the defendant Corporations is unsatisfied.

98. Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

99. Due to Defendants' violations of the NYLL, the Plaintiff and the New York Class Members are entitled to recover from Defendants their unpaid overtime wages and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, and reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### AGAINST MAMAIS CONTRACTING CORP.

**Breach of Contract under for rounding down hours or "shaving"**

100. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

101. Plaintiffs and Defendant Mamais Contracting had a verbal employment contract.

102. Specifically, Defendant Mamais Contracting agreed to pay Plaintiffs a certain rate of pay for all hours worked.

103. By failing to pay Plaintiffs for all time worked, and instead rounding down the hours worked to the nearest whole hour ("shaving"), the Defendant breached its contract of employment with Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

   a. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are

presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendants Mamais Contracting and Columbia University as Joint Employers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b. Unpaid wages;

c. An additional and equal amount as liquidated damages under the FLSA;

d. Certification of the state law claims in this action as class actions and that the case proceed as a collective action as to the FLSA claims. (Plaintiffs reserve the right to plead individual state law wage claims for individuals who have joined this action and put Defendant on notice that they may seek to do so);

e. Designation of the Plaintiff as Class Representative;

f. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

g. Appropriate equitable and injunctive relief to remedy Defendants' violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

h. An award of liquidated damages under state law;

i. Restitution;

j. Pre-Judgment and Post-Judgment interest, as provided by law;

k. Attorneys' fees and costs of suit, including expert fees; and

l. Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: Glen Cove, New York
January 16, 2013

        Respectfully submitted,
        STEVEN J. MOSER, P.C.

        /s/
        BY: Steven John Moser
        Three School Street, Suite 207B
        Glen Cove, NY  11542
        (516) 671-1150
        (800) 597-6958
        F (516) 882-5420
        stevenjmoserpc@gmail.com
        *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

      I hereby certify that on January 16, 2013, I filed the foregoing FIRST AMENDED COMPLAINT by depositing a true copy of the same by mail, enclosed in a post-paid properly addressed wrapper, in Glen Cove, New York addressed the Clerk of the Court, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York  100007 and within 24 hours e-mailed a copy thereof to caseopenings@nysd.uscourts.gov to be filed by the Clerk of the Southern District of New York using its CM/ECF system, which would then electronically notify the CM/ECF participants in this case.

      Randi Brooke Feldheim  
      Putney Twombly Hall & Hirson LLP  
      rfeldheim@putneylaw.com

      Peter C. Godfrey  
      Hodgson Russ Andrews Woods & Goody, LLP  
      pgodfrey@hodgsonruss.com

      Mark Anthony Hernandez  
      Putney Twombly Hall & Hirson LLP  
      mhernandez@putneylaw.com

      Michael T. McGrath, Sr  
      Putney Twombly Hall & Hirson LLP  
      mmcgrath@putneylaw.com

      Paul I. Perlman  
      Hodgson Russ Andrews Woods & Goody,LLP  
      pperlman@hodgsonruss.com

Dated: Glen Cove, New York  
      January 16, 2013

      /s/

      _____  
      Steven John Moser  
      STEVEN J. MOSER, P.C.  
      Three School Street, Suite 207B  
      Glen Cove, NY  11542  
      (516) 671-1150  
      F (516) 882-5420  
      stevenjmoserpc@gmail.com