UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

GEOVANY SERRANO, IGNACIO GAONA, JUAN
CARLOS MARTINEZ, RAUL POLANCO,
HIPOLITO R. RIVAS, JOSE L. RODRIGUEZ RIVAS,
and JOSE WILMER RIVAS, individually and on
behalf of all others similarly situated,

                    Plaintiffs,                          CIVIL ACTION NO.: 12-CV-6374

          v.

MAMAIS CONTRACTING CORP., THE TRUSTEES
OF COLUMBIA UNIVERSITY IN THE CITY OF                    **[PROPOSED] ORDER**
NEW YORK, STAVROULA MAMAIS-LORINO,
PETER MAMAIS, CHRIS TRIATOS and ANDREAS
STEFANAKIS,

                    Defendants.

_____

          The above-entitled matter came before the Court on Plaintiffs' Motion for

Conditional Certification of the Settlement Case, Preliminary Approval of the Settlement

Agreement, Appointment of Steven J. Moser, P.C. ("Moser") as Class Counsel, and approval of

Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure.

I.     **Conditional Certification of the Proposed Rule 23 Settlement Class**

          1.     The Court conditionally certifies the following class under

Fed.R.Civ.P.23(e), for settlement purposes ("Settlement Class"):  All individuals who were

employed by defendant Mamais Contracting Corp. ("Mamais Contracting") as non-exempt

construction workers assigned by Mamais to work for at least a portion of their work time at any

building owned or operated by Columbia at any time between August 21, 2006 and April 7, 2013

(the "Class" or "Class Members").  The Court also conditionally certifies the following Subclass

under FedIR.Civ.P.23(e) for settlement purposes ("Settlement Subclass"): All individuals who were employed by Mamais Contracting as non-exempt construction workers assigned by Mamais to work for at least a portion of their work time at any building owned or operated by Columbia at any time between September 17, 2012 and April 7, 2013 who were required to sign weekly timeslips (the "Subclass" or "Subclass Members").

2.    Plaintiffs meet all of the requirements for class certification under Fed.R.Civ.P.23(a) and (b)(3).

3.    Plaintiffs satisfy Fed.R.Civ.P.23(a)(1) because there are more than 250 Class Members and more than 100 Subclass Members and therefore joinder is impracticable. *See Consol. Rail Corp. v. Town of HydePark*, 47 F.3d 473, 483 (2d. Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

4.    Plaintiffs satisfy Fed.R.Civ.P.23(a)(2), the commonality requirement, because Plaintiffs and the Class Members share common issues of fact and law, including whether Mamais Contracting failed to pay Plaintiffs and the Class Members for all of the overtime they worked, and whether Mamais Contracting retaliated against Subclass Members. *See Prasker v. Asia Five Eight LLC*, 2010 WL 476009, at *2 (S.D.N.Y. Jan. 6, 2010); *Reyes v. Buddha-Bar NYC*, 2009 WL 5841177, at *2 (S.D.N.Y. May 28, 2001); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar,* 2009 WL 5851465, at *3 (S.D.N.Y. Mar. 31, 2009).

5.    Plaintiffs satisfy Fed.R.Civ.P.23(a)(3), the typicality requirement, because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the

- 2 -

Class Members' and Subclass Members' claims. *See Prasker v. Asia Five Eight LLC, supra*, 2010 WL 476009, at *2; *Reyes v. Buddha-Bar NYC, supra*, 2009 WL 5841177, at *2; *Mohney, supra*, 2009 WL 5851465, at *3.

      6.    Plaintiffs satisfy Fed.R.Civ.P. 23(a)(4), the adequacy requirement, because Plaintiffs' interests are not antagonistic or at odds with Class Members or Subclass Members. *See Diaz v. Eastern Locating Services, Inc.,* 2010 WL 2945556, at *2 (S.D.N.Y. July 22, 2010); *Prasker v. Asia Five Eight LLC, supra*, 2010 WL 476009, at *2; *Toure v. Cent. Parking Sys.,* 2007 WL 2872455, at *4 (S.D.N.Y. Sept. 28, 2007).

      7.    Plaintiffs also satisfy Rule 23(b)(3).  Common factual allegations — that Mamais contracting failed to pay Class Members for all overtime they worked and retaliated against Subclass Members — and a common legal theory — that the Mamais Defendants violated the FLSA and NY Labor Law — predominate over any factual or legal variations among Class Members. *See Diaz, supra*, 2010 WL 2945556, at *2; *Prasker v. Asia Five Eight LLC, supra*, 2010 WL 476009, at *2; *Reyes v. Buddha-Bar NYC, supra*, 2009 WL 5841177, at *3; *Mohney, supra*, 2009 WL 5851465, at *4.  Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members and Subclass Members, particularly those who lack the resources to bring their claims individually. *See Diaz, supra*, 2010 WL 2945556, at *2.

## II.    Preliminary Approval of Settlement

      8.    Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification of the Settlement Class, Preliminary

Approval of Settlement, Appointment of Steven J. Moser, P.C. as Class Counsel and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Procedure, the Declarations of Steven J. Moser and James J. Keefe ("Moser and Keefe Declarations"), and all other papers submitted in connection with Plaintiffs' motion, the Court grants preliminary approval of the settlement memorialized in the parties' Settlement Agreement dated as of August 16, 2013 ("Settlement Agreement"), attached to the Moser Declaration as Exhibit 1.

9.      The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class and Subclass is appropriate. *See In re Traffic Exec. Ass'n.,* 627 F.2d 631, 634 (2d Cir. 1980); *Diaz v. Eastern Locating Services, Inc., supra,* 2010 WL 2945556, at *2 (S.D.N.Y. July 22, 2010).

10.      The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by competent and experienced counsel well-versed in the prosecution of class and employment actions as well as other complex and multi-party litigation.

11.      The assistance of an experienced mediator, United States Magistrate Judge James L. Cott, reinforces that the Settlement Agreement is non-collusive.

III.    **Appointment of Plaintiffs' Counsel as Class Counsel**

12.      The Court appoints Steven J. Moser P.C. as Class Counsel because Steven J. Moser meets all of the requirements of Fed.R.Civ.P. 23(g). *See Damassia v. Duane Reed Inc.,* 250 F.R.D. 152, 165 (S.D.N.Y., 2008) (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, ... counsel's

experience in handling class actions, other complex litigation, and claims of the type asserted in the action, … counsel's knowledge of the applicable law, and … the resources counsel will commit to representing the class" (internal quotation marks omitted)).

13.     Steven J. Moser P.C. spent significant time and did substantial work identifying, investigating, and settling Plaintiffs' and the Class Members' and Subclass Members' claims.

14.     Steven J. Moser of Steven J. Moser P.C. is a competent litigator who has experience in handling class and employment actions.

15.     The work that Steven J. Moser P.C. has performed both in litigating and settling this case demonstrates their commitment to the Class and Subclass and to representing the Class' and Subclass' interests.

IV.     **Class Notice**

16.     The Court approves the proposed Notice of Class Action Lawsuit Settlement and Fairness Hearing form ("Notice of Settlement"), attached as Exhibit A to this Order, and directs its distribution to the Class and Subclass.

17.     Pursuant to Fed.R.Civ.P.23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance

> through counsel if the member so desires; (v) that the court will
> exclude from the class any member who requests exclusion; (vi)
> the time and manner for requesting exclusion; and (vi) the binding
> effect of a class judgment on class members under Rule 23(c)(3).

The Notice of Settlement satisfies each of these requirements and adequately puts Class and

Subclass Members on notice of the proposed settlement. *See e.g., In re Michael Milken &*

*Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms

of the settlement generally"). The Notice of Settlement describes the terms of the settlement,

informs the Class about the allocation of attorneys' fees, and provides specific information

regarding the date, time, and place of the final approval hearing.

18. Thus, the Notice of Settlement fully complies with due process and

Fed.R.Civ.P.23.

V. **Class Action Settlement Procedure**

19. The Court hereby sets the following settlement procedure:

a. Class Counsel shall mail the Settlement Notice to Class Members within 10 days of the date of this Order;

b. Class Members will have 45 days from the date the Notice is mailed to opt out of the class or object to the settlement;

c. Plaintiffs will file a motion for final approval of settlement no later than 15 days before the fairness hearing;

d. The Court will hold a fairness hearing on _January 10, 2014_ at _2:00_ p.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 17C LLC;

e. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no

- 6 -

party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 33 days after the Court enters its Final Order and Judgment;

f.  If appellate review is sought, the "Effective Date" shall be the day after final affirmance on appeal;

g.  Mamais Contracting will disburse settlement checks to the Class and Subclass Members, Class Counsel's attorneys' fees and expenses to Class Counsel, and Service Awards to the named Plaintiffs in accordance with the schedule in the Settlement Agreement, with the first installment to be paid within 10 days of the Effective Date.

h.  The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this 15th day of October, 2013.

_____
United States District Judge